CONSOLIDATED VAPOR–STOVE CO. v. NATIONAL VAPOR–STOVE & MANUF'G CO.

(Circuit Court, N. D. Ohio, E. D. May 12, 1893.)

No. 4,800.

PATENTS—VAPOR STOVE BURNERS.

The Whittingham patent, No. 235,600, for a vapor-stove burner, *held* valid, as covering a novel and patentable device, and also *held* infringed by defendant's burner.

This was a suit in equity by the Consolidated Vapor-Stove Company against the National Vapor-Stove & Manufacturing Company for infringement of letters patent No. 235,600, issued December 14, 1880, to Charles and Joseph Whittingham. A full description of this patent will be found in Consolidated Vapor-Stove Co. v. Ellwood Gas-Stove & Stamping Co., 63 Fed. 698.

Sherman, Hoyt & Dustin, for complainant.
W. M. Lottridge, for respondent.

RICKS, District Judge. This is a bill filed by the complainant, alleging that the defendant infringes patent No. 235,600, dated December 14, 1880, for a vapor-stove burner. The complainant makes the usual allegations that it has a patent issued to it for an improved vapor burner used on stoves commonly known as gasoline stoves. The defendant denies infringement, and claims prior use. The only proof taken is as to the novelty and patentability of the complainant's device, offered on its behalf, and proof denying infringement, offered on behalf of the defendant. I have inspected complainant's exhibit of defendant's device, and also the testimony of the experts, and the testimony of the manager of the defendant. From this testimony it seems to me clear that the complainant, under its first claim, has a combination of devices which results in a novel and patentable process for generating gas and consuming the same. The defendant's burner is certainly an infringement of the complainant's device. The only difference I can discover is that the cap, S, in the defendant's burner, has different shaped orifices; but in both devices it acts as a burner. In the defendant's combination it may be a better burner, but the function it performs is the same as cap S in the complainant's combination, as described in claim 1. The conducting pipe, F, as given in the exhibit (which is the defendant's stove), which corresponds to complainant's tube, F, is given a horizontal position, because such position answers defendant's purpose better, inasmuch as its conducting tube performs other functions in connection with outer or auxiliary burners. But it performs the same, though additional, functions as tube F in complainant's device. In the latter it is heated from the heater plate; in the defendant's combination, through the central burner. But in both it acts as a conductor, commingler, and heater. For these reasons I think it a clear infringement of the first claim in complainant's patent, and a decree may be accordingly entered.